UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRED M.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

1:20-CV-592 (JLS)

---

## DECISION AND ORDER

Plaintiff Fred M. brought this action under the Social Security Act (the "Act"), seeking review of a determination by the Commissioner of Social Security (the "Commissioner") that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 9. The Commissioner responded and cross moved for judgment on the pleadings. Dkt. 13. Plaintiff replied. Dkt. 14.

For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

Plaintiff applied for benefits on March 28, 2017.[2] Tr. 207.[3] Plaintiff's application was initially denied by the Social Security Administration on June 26, 2017. Tr. 96. Plaintiff then filed a written request for a hearing on July 3, 2017, Tr. 134, which took place before an Administrative Law Judge ("ALJ") on March 5, 2019, Tr. 29-46. The ALJ issued a written decision on June 3, 2019 denying Plaintiff's claim. Tr. 10-18. The Appeals Council denied Plaintiff's request for review on May 18, 2020. Tr. 1-5. Plaintiff then commenced this action. Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).

---

[2] Plaintiff applied for Disability Insurance Benefits ("DIB"). "To be entitled to [DIB], claimants must demonstrate that they became disabled while they met the Act's insured status requirements." *Banyai v. Berryhill*, 767 F. App'x 176, 178 (2d Cir. 2019), *as amended* (Apr. 30, 2019) (citing 42 U.S.C. § 423(a)(1)(A),(c)(1)).
[3] All references to the administrative transcript (Dkt. 6) are denoted "Tr. ____." Page numbers for documents contained the transcript correspond to the pagination located in the lower right corner of each page.

Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted). The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II. Disability Determination

An ALJ evaluates disability claims through a five-step process established by the Social Security Administration to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(2). At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 404.1520(a)(4).

3

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See id.* § 404.1520(a)(4)(iv). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for his collective impairments. *See id.* §404.1545. The ALJ then determines if the claimant can perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If he can perform past work, he is not disabled and the analysis ends. *Id.* § 404.1520(a)(4)(iv). But if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.*

4

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* § 404.1520(a)(4)(v), (g); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Specifically, the Commissioner must prove that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

## DISCUSSION

### I.   The ALJ's decision

The ALJ first found that Plaintiff last met the Act's insured status requirements on March 31, 2018, the date last insured. Tr. 12. The ALJ then proceeded through the sequential evaluation process discussed above.

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date, September 23, 2015; through the date last insured, March 31, 2018, (the "relevant period"). *Id.* At step two, the ALJ determined Plaintiff suffers from severe "degenerative disc disease,' and non-severe "vertigo." Tr. 13. At step three, the ALJ found that none of Plaintiff's limitations met or equaled a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* In making this determination, the ALJ considered listing 1.04 Disorders of the spine. *Id.*

At step four, the ALJ determined Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except "the claimant can occasionally climb ramps or stairs; never climb ladders, ropes[,] or scaffolds; occasionally balance, stoop, crouch, kneel, or crawl; tolerate occasional exposure to moving mechanical parts; occasionally operate a motor vehicle; and tolerate occasional exposure to unprotected heights." *Id.*

At the final step, the ALJ found that Plaintiff was unable to perform any past relevant work, Tr. 17, but Plaintiff was able to perform the requirements of other occupations in the national economy, Tr. 17-18. As such, the ALJ concluded that Plaintiff was not disabled. Tr. 18.

## II. Analysis

Plaintiff makes two arguments in support of his motion. Dkt. 9-1. First, Plaintiff argues that the ALJ "improperly substituted her own . . . judgment over that of any physician" in formulating Plaintiff's RFC. *Id.* at 9. Second, Plaintiff argues that the ALJ erred by relying on a stale medical opinion. *Id.* at 15.

### A. The ALJ properly considered the medical opinion evidence according to the applicable regulations.

Under the applicable regulations for claims filed on or after March 27, 2017, like Plaintiff's, an ALJ need not defer or give controlling weight to any medical source opinion, even the opinion of a claimant's treating physician. *See* 20 C.F.R. § 404.1520c (applicable rules "[f]or claims filed . . . on or after March 27, 2017"); *id.* § 404.1520c(a) (The ALJ "will not defer or give any specific evidentiary weight,

including controlling weight, to any medical opinion(s) or prior administrative medical finding(s).").

Even under the prior regulations, *see id.* § 404.1527, an ALJ was not bound to adopt the opinion of the claimant's treating physician, but could find a consultative physician's opinion more persuasive than a treating physician's opinion. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (ALJs need not afford a treating physician's opinion "controlling weight where the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts"); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("When other substantial evidence in the record conflicts with the treating physician's opinion . . . that opinion will not be deemed controlling.).

Plaintiff argues that "the ALJ had no medical authority for her RFC finding, as she rejected all medical opinions regarding [Plaintiff's] capabilities, and thus was required to develop the record further." Dkt. 9-1, at 10. This argument is without merit.

The ALJ considered explicitly the opinions of three of Plaintiff's medical sources[4] in formulating the RFC but did "not defer or give any specific evidentiary

---

[4] Plaintiff argues that the ALJ "made no attempt to weigh [the] opinion" of Plaintiff's chiropractor Len DeFazio, Jr., D.C., Dkt. 9-1, at 14, who authored a letter on March 8, 2019 in support of Plaintiff's claim, Tr. 622. The letter did not provide an assessment of Plaintiff's functional limitations and, therefore, does not meet the regulatory definition of a "medical opinion." *See* 20 C.F.R. § 404.1527(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical or mental restrictions."). Dr. DeFazio concluded

7

weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s)." Tr. 16. But under the new regulations for considering medical opinion evidence, the ALJ was not required to do so. *See* 20 C.F.R. § 404.1520c. Indeed, where the record contains sufficient evidence to assess a claimant's RFC, the ALJ need not rely on opinion evidence at all. *See Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109-10 (2d Cir. 2020) ("Although there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity.") (internal quotation marks omitted) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013)). The record, in fact, did contain opinion evidence upon which the ALJ relied. *See* Tr. 16 (ALJ explicitly considered three medical opinions in formulating the RFC).

Plaintiff's argument that the ALJ erred in evaluating the opinions of David Brauer, M.D., and G. Feldman, M.D., to formulate the RFC is also without merit. *See* Dkt. 9-1 at 11. The ALJ rejected Dr. Feldman's opinion that "the claimant could perform a range of light level work," and instead limited Plaintiff to "a range of

---

only that Plaintiff "is totally disabled . . . [and] will remain totally disabled going forward and his status will not change." Tr. 622. But an opinion like this on the ultimate issue improperly opines on a matter reserved to the Commissioner—that is, whether the claimant is disabled, *see* 20 C.F.R. § 404.1527(d)—and, therefore, is "inherently neither valuable nor persuasive," *id.* § 404.1520b(c). As such, the ALJ properly declined to "discuss evidence that is inherently neither valuable nor persuasive in accordance with 20 C.F.R. § 404.1520b(c)," Tr. 16, including Dr. DeFazio's letter.

8

sedentary level work." Tr. 16. Although she found Dr. Brauer's opinion to be "partially persuasive," the ALJ did not adopt Dr. Brauer's less restrictive findings into the RFC. *Compare* Tr. 320 (Dr. Brauer found "no limitation in the claimant's ability to sit, stand, walk, or climb stairs."), *with* Tr. 13 (Plaintiff can perform sedentary work and "can occasionally climb ramps or stairs"). Accordingly, as Plaintiff admits, because the ALJ's RFC assessment was more restrictive than Dr. Feldman's and Dr. Brauer's opinions, there is no basis for remand because the ALJ's rejection of their findings was not harmful to Plaintiff. *See, e.g., Threatt v. Comm'r of Soc. Sec.*, No. 19-CV-25, 2020 WL 4390695, at *5 (W.D.N.Y. Jul. 31, 2020); *Baker o/b/o Baker v. Berryhill*, No. 15-CV-943, 2018 WL 1173782, at *3 (W.D.N.Y. Mar. 6, 2018); *Castle v. Colvin*, No. 15-CV-113, 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017).

## B. The ALJ did not err in considering opinion evidence authored before Plaintiff's second surgery.

Plaintiff argues that the ALJ erred in relying on the opinion of Dr. Brauer because his opinion "is based on an incomplete record and is a stale snapshot of [Plaintiff's] lumbar situation." Dkt. 9-1 at 16. This argument is without merit.

Plaintiff underwent back surgery on April 20, 2018, Tr. 375, after the date he was last insured on March 31, 2018, Tr. 10. Dr. Brauer's opinion, which Plaintiff argues is stale, *see* Dkt. 9-1 at 16, was rendered on May 11, 2017, Tr. 347, approximately one year before Plaintiff's April 2018 surgery. "However, [Plaintiff] was required to demonstrate that [he] was disabled as of the date on which [he] was

9

last insured." *See Behling v. Comm'r of Soc. Sec.*, 369 F. App'x 292, 294 (2d Cir. 2010) (citing 42 U.S.C. § 423(a)(1)(A)). The ALJ, therefore, was not required to reject Dr. Brauer's findings based on evidence post-dating the lapse in Plaintiff's coverage. *See Shrecengost v. Colvin*, No. 14-CV-506S, 2015 WL 5126117, at *4 (W.D.N.Y. Sept. 1, 2015) (The ALJ "appropriately acknowledged there was medical evidence of Plaintiff's . . . impairments subsequent to the date last insured, but appropriately determined not to consider these records further and instead to rely on treatment records contemporaneous with Plaintiff's last insured date.").

Moreover, the ALJ did, in fact, consider the effect of Plaintiff's second surgery in making her determination. *See, e.g.*, Tr. 14 ("The claimant underwent surgery in April 2018" and later "reported temporary relief" in symptoms); Tr. 15 ("The record shows that after the relevant period, the claimant underwent lumbar surgery . . . Follow[-]up records indicate that he did well"); Tr. 16 (ALJ limited Plaintiff to sedentary work with exceptions due to Plaintiff's "status post multiple surgeries"). The ALJ accounted for the effect of Plaintiff's second surgery in her evaluation of the medical evidence that preceded it. The ALJ's consideration of Dr. Brauer's opinion, therefore, did not prejudice Plaintiff. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (remand was not appropriate where "application of the correct legal principles to the record could lead [only to the same] conclusion").

## CONCLUSION

For the above reasons, the Court GRANTS the Commissioner's motion for judgment on the pleadings (Dkt. 13) and DENIES Plaintiff's motion for judgment on the pleadings (Dkt. 9). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   July 18, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE